**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES TOLEDANO Esquire, Attorney,<br><br>Plaintiff - Appellee,<br><br> v.<br><br>CRAIG LAWLER,<br><br>Defendant - Appellant,<br><br>and<br><br>PRISCILLA ANN MARCONI, RICHARD D. MARCONI, PAUL R. ROPER, ANTHONY J. RACKAUCKAS, Jr., COUNTY OF ORANGE,<br><br>Defendants. | No. 24-7156<br><br>D.C. No.<br>8:22-cv-01331-MWF-BFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 15, 2025**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, IKUTA, and LEE, Circuit Judges.

James Toledano brought this action under 42 U.S.C. § 1983 alleging that he was subjected to criminal charges based on evidence deliberately fabricated by Craig Lawler in his capacity as a district attorney investigator. Lawler brings this interlocutory appeal after the district court denied his motion to dismiss based on qualified immunity.

"We review de novo a denial of a motion to dismiss based on qualified immunity, accepting as true all well-pleaded allegations of material fact and construing them in the light most favorable to the non-moving party." *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022). We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

Government officials are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To be clearly established, a right must be sufficiently clear

---

[1] We reject Toledano's argument that that we lack jurisdiction because Lawler contests factual allegations. While we may not consider factual issues on this interlocutory appeal, we have jurisdiction to consider the purely legal question of "whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (quoting *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021)).

that every reasonable official would have understood that what he is doing violates that right." *Reichle*, 566 U.S. at 664 (citation modified).

Toledano plausibly alleged the violation of a clearly established constitutional right. We have long since recognized that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc). A § 1983 claim of deliberate fabrication requires showing that "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Toledano's operative complaint adequately alleged that Lawler's supplemental investigative report, written in 2008, deliberately fabricated evidence that Toledano attempted to commit extortion by describing a meeting between relevant parties that never took place and falsely asserting that Toledano made threats against Priscilla Marconi. The complaint further alleged that this fabricated evidence was a but-for and proximate cause of the criminal extortion charges brought against Toledano and his subsequent conviction.[2] *See Spencer*, 857 F.3d at

---

[2] The conviction was reversed on grounds that the state trial court failed to properly instruct the jury about Toledano's litigation privilege. *See People v. Toledano*, 249 Cal. Rptr. 3d 100, 103 (Ct. App. 2019). The district attorney's office declined to retry the case, and the charges against Toledano were dismissed.

798.

While Lawler contests whether his supplemental report did in fact contain fabricated information, such factual disputes are not properly before us on this limited interlocutory appeal. Accepting Toledano's well-pleaded allegations as true, we conclude that Lawler is not entitled to qualified immunity at this stage of the litigation.

**AFFIRMED.**